# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| OLLNOVA TECHNOLOGIES LTD., <br><br> Plaintiff, <br><br> v. <br><br> CARRIER GLOBAL CORPORATION, <br><br> Defendant. | Case No. 9:22-cv-80388-DMM <br><br> **JURY TRIAL DEMANDED** |

## JOINT MOTION FOR ENTRY OF SCHEDULING ORDER

Pursuant to the Court's Orders (Dkt. No. 35, 40), Plaintiff Ollnova Technologies Ltd. ("Ollnova") and Defendant Carrier Global Corp. ("Carrier") jointly request that the Court enter a scheduling order in this matter. The parties have a dispute regarding the timing of claim construction briefing and the date for the claim construction hearing, but otherwise agree on all other applicable case deadlines. Ollnova's proposed Scheduling Order is attached as Exhibit A. Carrier's proposed Scheduling Order is attached as Exhibit B.

**Ollnova's Position:**

Ollnova's schedule provides for the Claim Construction Hearing to occur before the end of this year, while also providing the Court adequate time to prepare its rulings on the meaning of any disputed terms and any terms that Carrier alleges are indefinite before the close of fact discovery. Ollnova's proposal ensures that: (1) the parties final contentions (due 7 days (for infringement) and 14 days (for invalidity) after the Court's claim construction ruling) will be completed during fact discovery in the event any additional fact discovery is needed; (2) any changes in the parties' theories are crystallized sufficiently in advance of the agreed February 3,

2023 exchange of opening expert reports; and (3) the scope of the case will be potentially further narrowed in light of the Court's resolution of claim construction disputes sufficiently before those deadlines.[1]

Carrier's proposed claim construction schedule is unworkable for these same reasons. Carrier proposes that the Claim Construction Hearing occur on or about January 11, 2023—a mere 9 days before the close of fact discovery and about 3 weeks prior to opening expert reports. Under Carrier's proposal, if the Court were to issue its Claim Construction Order on the same day as the Hearing (January 11), Carrier's Final Invalidity Contentions would first be due *after the close of fact discovery* on January 25. This would unfairly prejudice Ollnova because Ollnova would be deprived of the ability to take fact discovery concerning any new prior art references and/or theories set forth in Carrier's Final Invalidity Contentions, for example through discovery from third-party inventors of any supposed prior art. Yet, Ollnova's Final Infringement Contentions would be due on January 18, providing Carrier with a week of fact discovery to explore any changes to Ollnova's infringement theories or evidence. It is fundamentally unfair to deprive Ollnova the opportunity to engage in fact discovery without having Carrier's Final Invalidity Contentions while simultaneously providing Carrier with the ability to explore Ollnova's Final Infringement Contentions during fact discovery.

In a circumstance where the Court does not issue an Order until after the Claim Construction Hearing, the parties will likely find themselves in a situation where final contentions are not served until *after* expert opening reports. This would defeat the purpose of final contentions, which is to ensure there is sufficient time (1) to explore final infringement and

---

[1] Ollnova will narrow the number of asserted claims in its preliminary infringement contentions and anticipates further narrowing the number of claims in its final contentions. Dkt. 32 at 6.

invalidity theories in fact discovery and obtain necessary evidence to rebut those theories and (2) for the parties' experts to base their opening reports on a correct understanding of each side's infringement and invalidity positions. If the parties commence expert discovery without a Claim Construction Order (and final contentions), the parties will be required to expend resources contemplating alternative arguments based on the possible outcomes from the Court's claim constructions and may require supplemental expert reports to address the Court's rulings.

**Carrier's Position:**

The parties have extensively discussed the proposed schedule and one point of contention remains—the timing of claim construction. Specifically, Ollnova proposed that the Markman hearing be held on December 7, 2022 and Carrier proposes January 11, 2023. Carrier believes an early January 2023 date would allow the parties a realistic timeline for the exchange of claim terms and full briefing of claim construction through the months of November and December 2022. This timeline is particularly reasonable in light of the fact that Ollnova is scheduled to serve its Amended Complaint on August 12, 2022. Carrier anticipates that Ollnova's Amended Complaint should narrow the issues and provide more clarity as to its claims. However, Ollnova's proposed claim construction timeline does not account for this delay in litigation, nor allow for the probability that Ollnova will leave numerous claims in play and the multiplicative effect this would have on the claim construction workload.

Carrier bases its claim construction schedule on what is fair and workable to both sides and it believes there is no cause to accelerate the Markman timeline as proposed by Ollnova. To the extent Ollnova argues that January 11, 2023 is too close to the proposed date for opening expert reports, February 3, 2023, Ollnova represented during the meet and confer process that "it is likely Ollnova will not have any claims for construction." Further, the Court has full discretion to adjust

the schedule, as needed, in the event there is a delay in issuing a claim construction order which may negatively impact opening expert reports. For these reasons, Ollnova's proposal is out of sync with the reality and needs of this case, and a claim construction hearing date of January 11, 2023 provides the most reasonable timeline here.

Dated:  August 1, 2022

Respectfully submitted,

By:   /s/ Joshua D. Martin

Joshua Martin
Johnson & Martin, P.A.
500 W. Cypress Creek Road
Suite 430
Fort Lauderdale, FL 33309
(954) 790-6699
Fax: (954) 206-0017
Email: josh.martin@johnsonmartinlaw.com

Brett E. Cooper (*pro hac vice*)
(NY SBN 4011011)
bcooper@raklaw.com
Marc A. Fenster (*pro hac vice forthcoming*)
(CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (*pro hac vice*)
(TX SBN 24059910)
shasenour@raklaw.com
Drew B. Hollander (*pro hac vice*)
(NY SBN 5378096)
dhollander@raklaw.com
Reza Mirzaie (*pro hac vice forthcoming*)
(CA SBN 246953)
rmirzaie@raklaw.com

RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Ollnova Technologies Limited***

By: /s/ Mark A. Romance

Mark A. Romance
Florida Bar No. 021520
mromance@daypitney.com
lmiller@daypitney.com

**DAY PITNEY LLP**
396 Alhambra Circle
North Tower, Floor 14
Miami, Florida 33134
Telephone: (305) 373-4000
Facsimile: (305) 373-4099

Jonathan R. Spivey (*pro hac vice*)
Texas Bar No. 24002989
Email: jspivey@polsinelli.com

LaTasha M. Snipes (*pro hac vice*)
Texas Bar No. 24072504
Email: tsnipes@polsinelli.com

Jahnathan L.D. Braquet (*pro hac vice*)
Texas Bar No. 24125998
Email: jbraquet@Polsinelli.com

**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
Telephone: (713) 374-1600
Facsimile: (713) 374-1601

*Attorneys for Defendant Carrier Global Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on August 1, 2022 with a copy of this document via the Court's ECF system.

    /s/ Joshua D. Martin
Joshua D. Martin